## In re LEGGETT AVE.

### CITY OF NEW YORK v. GOVIN.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. MUNICIPAL CORPORATIONS—OPENING STREETS—DAMAGES — EXISTING EASE-
MENT.

In 1896, the city of New York instituted proceedings to acquire the land necessary to lay out a street designated on a map previously filed with the register. On July 1, 1897, the acquisition was completed. Prior to this date the land had been subdivided into lots, and a map made thereof, upon which appeared the proposed street as laid out on the city's map. These lots were sold, and deeds delivered July 2, 1897. The boundaries of the lots included all of the land within the proposed street, and a clause was inserted in the deed to the effect that the sale was subject to proceedings which might be pending for the opening of the street. On the back of the map the street was described as a "proposed" street. *Held*, that the grantee had an absolute title to the land included in the street, not subject to any easements, and should be allowed compensation to the full fee value for the opening of the street.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York county.

Proceedings by the city of New York to acquire land for the opening of a street, in which Rafael R. Govin appeared as an owner, claiming damages. From an order denying a motion to confirm a report of the commissioners of estimate and assessment, the city appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

John P. Dunn, for appellant.
William H. Blymyer, for respondent.

McLAUGHLIN, J. On or prior to January, 1894, the city of New York made and filed in the office of the register of the city a map upon which appeared certain proposed streets, among others Leggett avenue; and in 1896 it instituted this proceeding to, and on the 1st day of July, 1897, did, acquire the land necessary to lay out such avenue. A portion of the land taken for this purpose is designated in the record as "Damage Map No. 10," and in the preliminary report of the commissioners an award of $2,600 was made to unknown owners. Thereafter Edward K. Jones and the respondent, Rafael R. Govin, appeared in the proceeding, and objected to the report upon the ground that they were the owners, and that the damages awarded were insufficient. Evidence was subsequently offered which satisfied the commissioners that the respondent—he having in the meantime purchased the interest of Jones—was the owner, and an award was made to him of $3,787, which was the full fee value; but this was finally reduced to $250, upon the ground that he was only entitled to substantial damages, inasmuch as the land taken was burdened with an easement of passage and repassage. The court at Special Term refused to confirm the report, a motion having been made therefor, but instead sent the matter back to the commissioners for reconsid-

eration, upon the ground, as appears from the opinion of the justice sitting at Special Term, that "substantial damages as the facts warranted had not been allowed," and it is from this order that the present appeal is taken.

It appears that the land taken originally was a part of a large tract formerly owned by one Casanova. After Casanova's death, in an action of partition the whole tract was sold in two parcels. This sale, however, was set aside, and then the tract was subdivided into 123 lots, and a map made thereof, upon which appeared certain streets and other proposed streets, among which was Leggett avenue. On the 2d of June, 1897, these lots were sold at public auction by numbers, and as indicated upon the map made by the referee, and deeds delivered to the purchaser on the 2d of July following. The parcel here in dispute is made up of a part of six lots, four on one side of Leggett avenue and two on the other, all owned by the respondent. The question presented is whether the respondent of his grantor had the absolute title to the land when the city acquired title thereto. If they did, then the order is right, and should be affirmed; otherwise it should be reversed—a substantial award having been made by the commissioners. It is well settled that, "without making such a dedication to the public, a grantor may, by selling lots, and describing them as bounded by streets running through his own land, create an easement in the land called a 'street' in favor of his own grantees, and that, although the fee of such land remains in him, it is incumbered by that easement." Matter of 11th Avenue, 81 N. Y. 447. But it is equally well settled that, whether there is such a grant of an easement, however, either express or implied, depends entirely upon the intent of the parties to the grant; and for the purpose of ascertaining what that intent was the court will take into consideration the words of the grant, as well as all of the facts and circumstances attending the transaction, the situation of the parties, and the condition of the thing granted. Matter of 116th St., 1 App. Div. 436, 37 N. Y. Supp. 508.

Applying this rule to the facts here presented, we think it is clear the referee did not intend to sell, nor the respondent and his grantor to purchase, the lots in question subject to any easement whatever; on the contrary, it was the intent of both parties that the entire fee should pass to the purchaser. This intent is indicated not only by the boundaries of the lots, which included all of the land within the proposed street—some of them extending nearly across, others taking but a very small portion, and the greater part of one being in the street—but also by the clause inserted in the deed of conveyance to the effect that the sale was made subject to proceedings which might be pending for the opening of streets and avenues as indicated on the map. This clause evidently had reference to the proceedings which had already been taken by the city for the purpose of acquiring the title to a portion of these lots, and which it did, in fact, acquire after the lots were sold, and one day before the deed was actually delivered. It is also indicated by the fact that on the back of the map was a statement that Leggett avenue was only a proposed street. Upon these facts we think the Special Term was right in refusing to confirm

the referee's report, and sending the matter back to the commissioners for further consideration.

The order is right, and must be affirmed, with $10 costs and disbursements. All concur, except VAN BRUNT, P. J., who dissents.

INGRAHAM, J. I concur with Mr. Justice McLAUGHLIN. The sale in partition, which it is claimed subjected the property in question to an easement, was made, and the conveyance under such sale was delivered, after the commencement of these proceedings to acquire the fee of Leggett avenue for a public street. The deed upon that sale was delivered after the fee had actually vested in the city by a resolution of the board of street opening and improvement. Leggett avenue was indicated on the map of this part of the city as an avenue which had been laid out by the public authorities. An easement to which the fee of that street would be subject would be acquired upon the owners of property abutting upon the street executing a deed conveying property bounding it by the proposed street or avenue. When, however, the proceeding to acquire the title to Leggett avenue was commenced, the fee of Leggett avenue was free from any easement, and none was created, until after the city had acquired the fee. The city certainly was bound to pay for the property in the condition it was in at the time it took the fee, and no subsequent act of the parties could create an easement in the property that had then been acquired by the city which would affect the right of the owners of the property to its fair value at the time it was taken.